Reese, J.
delivered the opinion of the court.
The plaintiff and defendants reside in the county of Maury. The defendants together with one Nicholson, in the year 1841, constituted a partnership for the manufacture of iron. The partnership business was conducted and their establishment existed in the county of Wayne or Hardin. But the contract, the subject of this controversy, was made in the county of Maury, where, at the time of the contract and the time of instituting this suit, the plaintiff and defendants resided, although it does not appear that Nicholson, who is not sued in this action, resided in. that county. The contract is in the words and figures following, to wit:
*337 “$500 70. Columbia, 15th of January, 1841.
“On or before the first day of June next, we promise to pay to H. Langtry or order, five hundred dollars and seventy cents in bar iron, at eight cents per lb., for value received. Witness our hands.
NICHOLSON, WALKER & Co.”
Before suit was brought, the plaintiff gave the defendants ten days written notice to deliver the bar iron at Columbia; upon which the defendant produced the iron according to the written notice, and tendered the same to the plaintiff. The plaintiff afterwards supposing himself not bound to give the notice or to receive the bar iron, brought this- suit. The defendants pleaded the notice by the plaintiff and the tender of the iron to him by them; and they obtained a verdict on their plea, under the charge of the court, and judgment was rendered thereon; to reverse which the plaintiff has prosecuted his appeal in error to this court. The only question in this court, is whether the contract above quoted is a contract “for the payment or delivery of property,” within the meaning of the act of 1807, ch. 95, Nich. and Car. 552.
This is a question to be determined by construction of the instrument itself. In this inquiry we cannot derive much aid from several cases to which we have been referred. Those cases turn upon different questions, and the opinions of the court were written alio intuitu, some of them as to the negotiability or non-negotiability of the instrument of promise; some of them as to the form of the action; and some of them, as the case of Marrigan vs. Page, 4 Hump. R. 247, upon the jurisdiction of the justice. By the aid of these cases we would be able to say, with reference to the instrument before us, 1st; that it is not negotiable in the commercial sense of that word; 2nd, that debt would lie as well as assumpsit, because it contains on its face the means of arriving at the certain amount due; and in the 3d place, the case of Marrigan vs. Page, would establish the jurisdiction of the magistrate if below one hundred dollars. So also in the case from New York, 5 Wendell, 393, for so many dollars in salt, “with the specific price of the salt stated,” the Supreme Court thought that upon default, the number of dollars toberecov- *338 ered would depend, not upon the amount stated upon the note, but upon the actual and fair market value of the “salt.” But the court of error decided that the number of dollars named in the contract should be recovered. But the question before us turns upon none of these enquiries, but upon the meaning of the contract with reference to the act of 1807. Is it a contract “to pay or deliver property?” We answer it is. The promise is to pay five hundred dollars in bar iron at eight cents per pound. Iron is the substantial thing contracted for; and the price per pound and the number of dollars worth, at the price, determine the quantity of bar iron to be delivered. It is not a promise to pay five hundred dollars, with a superadded condition for the benefit of the promisor, that the payment may be made in bar iron, but is a direct promise to pay iron specifically, to the amount of five hundred dollars at the price stipulated. It comes within the terms, therefore, and meaning, and policy of the act of 1807.
The parties to the contract and to the suit, resided at the time of the contract, of the notice, and of the bringing of the suit, in the county where the contract was made; in that view, also, the case comes within the letter of the proviso of the act; and there is no just ground founded upon the words or the policy of the act, to deprive the parties so situated, of the benefit intended them, because another person bound by the contract resided elsewhere.
The judgment of the circuit court, therefore, will be affirmed.